**UNITED STATES DEPARTMENT OF JUSTICE**
**OFFICE OF THE UNITED STATES TRUSTEE**
**KEVIN M. EPSTEIN**
**UNITED STATES TRUSTEE**
**REGION 7, SOUTHERN AND WESTERN DISTRICTS OF TEXAS**
**ALICIA L. BARCOMB**
**TRIAL ATTORNEY**
**515 RUSK, SUITE 3516**
**HOUSTON, TEXAS 77002**
**Telephone: (713) 718-4650**
**Fax: (713) 718-4670**

## UNITED STATES BANKRUTPCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **IN RE:** | |
| | **CASE NO. 20-35029** |
| **THOMAS CALVERT SCOTT and** | |
| **TAMMI LYNN SCOTT,** | **CHAPTER 7** |
| | |
| **DEBTORS.** | |
| | |
| **KEVIN M. EPSTEIN,** | |
| **UNITED STATES TRUSTEE,** | |
| | **ADV. PROC. NO.** |
| **PLAINTIFF** | |
| | |
| **v.** | |
| | |
| **THOMAS CALVERT SCOTT and** | |
| **TAMMI LYNN SCOTT,** | |
| | |
| **DEFENDANTS** | |

## COMPLAINT SEEKING DENIAL OF DISCHARGE

TO THE HONORABLE EDUARDO V. RODRIGUEZ
UNITED STATES BANKRUPTCY JUDGE:

     Kevin M. Epstein, the United States Trustee for the Southern District of Texas ("Plaintiff"), hereby requests that the Court enter judgment denying the discharge of Thomas Calvert Scott ("Mr. Scott") and Tammi Lynn Scott ("Mrs. Scott") (and collectively, "Defendants") under 11 U.S.C.

§ 727(a)(2), (3), (4), (5), and (7)[1] of the Bankruptcy Code. Plaintiff respectfully states to the Court as follows:

## JURISDICTION

1.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

2.      This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

3.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a).

4.      The deadline for filing a complaint objecting to Defendants' discharge is April 19, 2021. This Complaint is timely pursuant to Fed. R. Bankr. P. 4004(a).

5.      Plaintiff consents to entry of a final order or judgment by this Bankruptcy Court in this adversary proceeding.

## PARTIES

6.      Plaintiff, the United States Trustee for Region 7, which includes the Southern District of Texas, monitors and supervises the administration of cases commenced under Chapters 7, 11, 12, and 13 of the Bankruptcy Code pursuant to 28 U.S.C. § 586(a)(3) and brings this action against Defendants pursuant to § 727(c)(1).

7.      Plaintiff maintains a place of business at 515 Rusk, Suite 3516, Houston, Texas 77002. Plaintiff has standing to bring this complaint pursuant to § 307.

8.      Mr. Scott is the debtor in the underlying bankruptcy case, which case is assigned Case No. 20-35029 filed in the Southern District of Texas (Houston Division).

9.      Mrs. Scott is the co-debtor in the underlying bankruptcy case, which case is assigned Case No. 20-35029 filed in the Southern District of Texas (Houston Division).

10.     Defendants' address of record is 5710 Savanna Pasture Road, Park Row, Texas 77493. Upon information and belief, Defendants currently reside at this address.

## BACKGROUND ALLEGATIONS

### A.  False Statements on the Bankruptcy Documents

11.     On October 16, 2020, Mr. Scott filed a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code ("Petition Date").

12.     On October 19, 2020, and in accordance with § 1183(a), Plaintiff appointed Allison D. Byman to serve in the case as Subchapter V Trustee.

---

[1] All "§" and "section" references herein are to Title 11 of the United States Code, unless otherwise stated.

13.     On October 22, 2020, Maui Lifted Jeep Rentals, LLC also filed a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code, which case was assigned Case No. 20-35098 ("Maui Case"). Mrs. Scott signed the petition in the Maui Case as its President/Owner. On October 26, 2020, the Court entered an order jointly administering Mr. Scott's bankruptcy case and the Maui Case.[2]

14.     On December 2, 2020, Defendants filed an amended bankruptcy petition to add Mrs. Scott to Mr. Scott's bankruptcy case. During the pendency of the Chapter 11, Subchapter V proceedings, Defendants were represented by Reese W. Baker.

15.     Defendants filed their Statement of Financial Affairs ("SOFA") and Schedules A/B, C, D, E/F, G, H, I and J (collectively referred to as the "Schedules" or individually as "Schedule _"). Likewise, in the Maui Case, Mrs. Scott caused to be filed a Statement of Financial Affairs ("Maui SOFA") and Schedules A/B, D, E/F, G, and H (collectively referred to as the "Maui Schedules" or individually as "Maui Schedule _").

16.     Defendants signed the Petition, Schedules, and SOFA under penalty of perjury. Specifically, Defendants declared under penalty of perjury that they read the Schedules and SOFA and that the information provided therein is true and correct.[3] Mrs. Scott signed the petition in the Maui Case, the Maui Schedules, and the Maui SOFA under penalty of perjury. Specifically, Mrs. Scott declared under penalty of perjury that she read the Maui Schedules and the Maui SOFA and that the information provided therein is true and correct.[4]

17.     On Defendants' Schedule A/B at Question 19, Defendants represented that, as of the Petition Date, they owned a 100% interest in Maui Lifted Jeep Rentals, LLC and did not disclose an ownership interest in any other entity.[5]

18.     On the Maui SOFA at Questions 3 and 4, Mrs. Scott, as President/Owner of Maui Lifted Jeep Rental, LLC, represented that, as of the petition date, Maui Lifted Jeep Rentals, LLC made no "[c]ertain payments or transfers to creditors within 90 days before filing" the Maui Case and made no "[p]ayments or other transfers of property . . . that benefited any insider" within 1 year of filing the Maui Case.[6]

19.     On January 25, 2021, the Court entered an order converting Defendants' Chapter 11, Subchapter V case to a Chapter 7 Case.[7] On the same day, the Maui Case was dismissed by separate Court order.[8]

---

[2] On October 27, 2020, Ms. Byman was likewise appointed to serve as Subchapter V Trustee in the Maui Case.
[3] *See* Case No. 20-35029, Doc. No. 31 at 8, 83, 85, 93, 94; Doc. No. 45 at 6.
[4] *See* Case No. 20-35098, Doc. No. 1 at 4; Doc. No. 15 at 37, 40.
[5] *See* Case No. 20-35029, Doc. No. 31 at 17.
[6] *See* Case No. 20-35098, Doc. No. 15 at 27.
[7] Case No. 20-35029, Doc. No. 76. The conversion order also included the following provision, "ORDERED that Baker & Associates is terminated as of the filing date as counsel for the Debtors provided that Baker & Associates may represent the Debtors in the chapter 7 cases if the Debtors retain Baker & Associates for such chapter 7 case."
[8] Case No. 20-35098, Doc. No. 18.

20.     Following conversion, Defendants did not file any amended schedules nor statements of financial affairs. Defendants also failed to file the documents required by Fed. R. Bankr. P. 1019(5)(A).

## B.  False Statements at the Section 341 Meeting

21.     On November 24, 2020, Defendants appeared for a § 341 Meeting of Creditors related to their then-pending Chapter 11, Subchapter V bankruptcy cases (the "Chapter 11 341 Meeting").

22.     After the U.S. Trustee administered the oath to each individual, Defendants testified under penalty of perjury that, prior to signing the documents, they reviewed their bankruptcy Schedules and SOFA, and Mrs. Scott testified that she reviewed the Maui Schedules and Maui SOFA.

23.     At the Chapter 11 341 Meeting, in reference to the Schedules, SOFA, Maui Schedules, and Maui SOFA, the U.S. Trustee asked: "Are there any errors or omissions to bring to my attention at this time?" Mr. Scott responded, "[n]ot to my knowledge[,]" and Mrs. Scott responded, "[n]ot to my knowledge, not at this time." The U.S. Trustee also confirmed with Defendants that all their personal assets were identified in the Schedules.

24.     Upon further examination by the U.S. Trustee, Mr. Scott conceded that Maui Lifted Jeep Rentals, LLC made distributions to Defendants as late as May 2020 that were not listed on the Maui SOFA.

25.     On March 30, 2021, Defendants appeared for a § 341 Meeting of Creditors (the "Chapter 7 341 Meeting").

26.     After the Chapter 7 Trustee, Allison Byman, administered the oath to the Defendants, they were questioned about their assets and liabilities by Ms. Byman, Brendon Singh, appearing on behalf of Dina Cline and Spencer Wright, and the U.S. Trustee.

27.     Upon examination by Mr. Singh, Mr. Scott conceded that Maui Lifted Jeep Rentals, LLC disbursed to Defendants $50,000 in May 2020, $4,000 in June 2020, and $3,000 in July 2020. These disbursements were not listed on the Maui SOFA.

28.     Upon examination by the U.S. Trustee, Mr. Scott further conceded that Defendants own an interest in NEDS AUTO SALES LLC that was obtained prior to the Petition Date and was not listed in Defendants' Schedules.

29.     As such, Defendants failed to disclose their ownership interest in a business entity acquired prior to the Petition Date at the Chapter 11 341 Meeting. Defendants further failed to disclose pre-petition distributions made to insiders within the 1-year period of filing the Maui Case. Defendants' sworn statements at the Chapter 11 341 Meeting are false.

C. **Concealed Property – NEDS AUTO SALES LLC**

30.     At the commencement of Defendants' bankruptcy case, Defendants owned an interest in NEDS AUTO SALES LLC ("NEDS"), a Texas limited liability company with a registered address of 7923 Thompson Rd., Highlands, Texas 77562-4350.

31.     Upon information and belief, NEDS's business includes selling cars. According to Mr. Scott's testimony at the Chapter 11 341 Meeting, NEDS ceased selling cars in September 2020.

32.     NEDS filed a Certificate of Formation with the Office of the Secretary of State of Texas on July 15, 2019 and John Zapata was listed as its only managing member.

33.     On May 28, 2020, NEDS filed a Certificate of Amendment, which, in addition to identifying an alternative registered agent, amended its certificate of formation to add Mrs. Scott as its second managing member.

34.     NEDS remains "In Existence" and has not amended its certificate of formation since May 28, 2020.

35.     On June 19, 2020, Defendants transferred $2,500 from a Maui Lifted Jeep Rentals, LLC account to John Zapata. Defendants testified that the purpose of this transfer was to purchase a car for re-sale by NEDS.

36.     Defendants further testified that, upon cessation of operations, NEDS managing member, John Zapata "took" the money out of NEDS's. Upon information and belief, this resulted in a potential claim for the benefit of Defendants' estate.

37.     None of Defendants' filings disclosed NEDS. Defendants did not comply with Fed. R. Bankr. P. 1019(5)(A). Following further inquiries from both the U.S. Trustee and Ms. Byman, Defendants were instructed to file amended schedules and statements. To date, Defendants have not filed amended schedules and statements.

38.     Defendants had multiple opportunities to disclose their interest in NEDS but failed to do so. Defendants failed to disclose their ownership interest in NEDS on: (1) the Schedules and (2) at the Chapter 11 341 Meeting. Further, Defendants did not file any schedules or statements upon conversion of their Chapter 11, Subchapter V case to Chapter 7.

39.     Moreover, when questioned by the U.S. Trustee regarding assets, Defendants falsely testified at the Chapter 11 341 Meeting that all their assets were listed in their Schedules. Only upon a direct request by Ms. Byman at the Chapter 7 341 Meeting did Defendants agree to file amended schedules and statements. Defendants filed their bankruptcy case on October 16, 2020, and, as of the date of this Complaint, have not disclosed their ownership interest in NEDS in any Court filings.

40.     Upon information and belief, Defendants concealed their ownership interest in NEDS with the intent to hinder, delay, or defraud their creditors or an officer of the estate, and knowingly made false oaths or accounts to the U.S. Trustee at the Chapter 11 341 Meeting and on their sworn schedules. As such, Plaintiff requests entry of judgment denying Defendants' discharge pursuant to § 727(a)(2) and (4).

### D.  Concealed Disbursements from Maui Lifted Jeep Rentals, LLC

41.     Defendants listed in their Schedules three checking accounts—Bank of Hawaii with a balance of $134.53, Capital One with a balance of $49.50, and Chase Bank with a balance of $1,930.

42.     In the Maui SOFA, Mrs. Scott indicated that Maui Lifted Jeep Rentals, LLC made no "payments or other transfers of property" to insiders within 1-year before filing the Maui Case and made no payments to insiders "in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised."

43.     Defendants' Schedules likewise state that Defendants earned $1,000 in "[w]ages, commissions, bonuses, tips" from January 1, 2020 to the Petition Date. According to Defendants' Schedule I, Defendants each received $2,500 monthly gross wages from Maui Lifted Jeep Rentals, LLC.

44.     At the Chapter 11 341 Meeting, Defendants confirmed receiving distributions, in an unknown amount, from Maui Lifted Jeep Rentals, LLC within 1-year of filing the Maui Case and the U.S. Trustee requested any necessary amendments to reflect the disbursements. Defendants did not file any amendments to their schedules and statements, nor to the business's schedules and statements. At the Chapter 7 341 Meeting, Mr. Scott confirmed that, between May 2020 and July 2020, checks were written from Maui Lifted Jeep Rentals, LLC to Defendants totaling not less than $57,000.

45.     None of Defendants filings disclosed any disbursements from Maui Lifted Jeep Rentals, LLC to Defendants from January 1, 2020 to the Petition Date. Following further inquiries from both the U.S. Trustee and Ms. Byman, Defendants were instructed to file amended schedules and statements. To date, Defendants have not filed amended schedules and statements.

46.     Defendants had multiple opportunities to disclose the income received from Maui Lifted Jeep Rentals, LLC but failed to do so. Defendants failed to disclose income on: (1) the SOFA, (2) the Maui SOFA, and (3) at the Chapter 11 341 Meeting. Further, Defendants did not file any schedules or statements upon conversion of their Chapter 11, Subchapter V case to Chapter 7. Only upon a direct request by Ms. Byman at the Chapter 7 341 Meeting did Defendants agree to file amended schedules and statements. Defendants filed their bankruptcy case on October 16, 2020, and, as of the date of this Complaint, have not disclosed the income received from Maui Lifted Jeep Rentals, LLC.

47.     Moreover, upon questioning by Mr. Singh at the Chapter 7 341 Meeting, Defendants could not explain satisfactorily how or on what they spent $57,000 from May 2020 to the Petition Date.

48.     Upon information and belief, Defendants concealed their income from Maui Lifted Jeep Rentals, LLC with the intent to hinder, delay, or defraud their creditors or an officer of the estate, and knowingly made false oaths or accounts to the U.S. Trustee at the Chapter 11 341 Meeting and on their sworn statements of financial affairs. Defendants further failed to explain satisfactorily the loss of this asset. As such, Plaintiff requests entry of judgment denying Defendants' discharge pursuant to § 727(a)(2), (3), (4), (5), and (7).

<u>COUNT I</u>
**For Denial of Discharge of Defendants**
**11 U.S.C. § 727(a)(2)**

49.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 48.

50.     Section 727(a)(2) provides, in part, that the court shall grant a debtor a discharge unless the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate, has transferred or concealed (A), property of the debtor, within one year before the date of filing of the petition, or (B), property of the estate after the date of the petition.

51.     Plaintiff is informed, believes, and thereon alleges that, by their actions during this bankruptcy case, Defendants with intent to hinder, delay, or defraud a creditor or an officer of the estate transferred, removed, destroyed, mutilated or concealed, or permitted to be transferred, removed, destroyed, mutilated, or concealed debtors' property, within one year before the date of the filing of the petition.

52.     Specifically, Defendants, with the intent to hinder, delay or defraud their creditors or an officer of the estate, concealed their ownership interest in NEDS on the Schedules and the income received from Maui Lifted Jeep Rentals, LLC on the SOFA. Defendants acquired NEDS and income from Maui Lifted Jeep Rentals, LLC prior to the Petition Date, and NEDS is property of the bankruptcy estate pursuant to § 541.

53.     Additionally, Defendants, who were represented by legal counsel, concealed their ownership interest in NEDS during their sworn testimony at the Chapter 11 341 Meeting. Defendants appeared by telephone and falsely testified that their schedules included all their assets and that the information contained in the schedules and statements was true and correct. Further, Defendants were specifically requested to amend their schedules and statements to adequately account for the income received from Maui Lifted Jeep Rentals, LLC. Yet, Defendants did not file any amendments, either before or after converting to Chapter 7. Defendants knew or should have known that their testimony at the Chapter 11 341 Meeting was false. Similarly, Defendants knew or should have known that their sworn answers on the Schedules, SOFA, and Maui SOFA were false.

54.     Defendants therefore acted with fraudulent intent, or in the alternative, acted with a reckless disregard for the truth when they filed and/or submitted the Petition, Schedules, SOFA, Maui Schedules, and Maui SOFA with numerous false statements in furtherance of their concealment of NEDS and income from Maui Lifted Jeep Rentals, LLC.

55.     Wherefore, Plaintiff respectfully asks the Court to deny Defendants' discharge pursuant to § 727(a)(2) of the Bankruptcy Code, and for such other relief as is just.

## COUNT II
### For Denial of Discharge of Defendants
### 11 U.S.C. § 727(a)(3)

56.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 55.

57.     Section 727(a)(3) provides that the court shall grant a debtor a discharge, unless

the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

58.     Defendants had a duty to maintain records and account for all property of each debtor's estate, including financial records and/or bank statements, from which parties in interest could ascertain Defendants' financial condition and business transactions.

59.     In this case, Defendants failed to produce any record of Maui Lifted Jeep Rentals, LLC's business transactions, including documented evidence of the $57,000 paid to Defendants, and failed to produce any recorded information that adequately explains how Defendants used the funds received from Maui Lifted Jeep Rentals, LLC.

60.     In their personal bankruptcy, and in accordance with §§ 1116(1)(B) and 1187(a), Defendants filed a declaration, under penalty of perjury, that they "[had] not prepared a balance sheet, a statement of operations, or cash-flow statement." Similarly, in the Maui Case, Mrs. Scott declared under penalty of perjury that the "Debtor ha[d] not prepared a balance sheet, a statement of operations, or cash-flow statement."

61.     Defendants' offered no explanation for their failure to keep and produce sufficient information from which to ascertain their financial condition and business transactions. As such, Defendants' failure to act was not justified under the circumstances of the case.

62.     Wherefore, Plaintiff respectfully asks the Court to deny Defendants' discharge pursuant to § 727(a)(3), and for such other relief as is just.

## COUNT III
### For Denial of Discharge of Defendants
### 11 U.S.C. § 727(a)(4)

63.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 62.

64.     Section 727(a)(4)(A) provides in part that the court shall grant a debtor a discharge unless the debtor has knowingly and fraudulently made a false oath or account in connection with a case.

65.     Defendants had a duty to list and identify all of their assets and liabilities on their bankruptcy documents.

66.     Defendants had a duty to answer truthfully on all documents signed under penalty of perjury that are submitted to the Court, U.S. Trustee, Subchapter V Trustee, and/or Chapter 7 Trustee.

67.     Plaintiff is informed and believes and thereon alleges that Defendants made numerous false oaths or accounts on the Schedules, SOFA, Maui SOFA, and at the Chapter 11 341 Meeting concerning their assets.

68.     In this case and while under oath, Plaintiff alleges that Defendants falsely testified multiple times.

69.     Plaintiff alleges that Defendants acted with fraudulent intent or in the alternative, Plaintiff alleges that based on the numerous false oaths or accounts as described in this Complaint, Defendants acted with, at the very least, a reckless disregard for the truth.[9]

70.     Wherefore, Plaintiff respectfully asks the Court to deny Defendants' discharge pursuant to § 727(a)(4)(A), and for such other relief as is just.

## COUNT IV
### For Denial of Discharge of Defendants
### 11 U.S.C. § 727(a)(5)

71.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 70.

72.     Section 727(a)(5) provides that the court shall grant the debtor a discharge, unless the debtor, prior to entering a determination of denial of discharge, fails to explain satisfactorily any loss of assets or deficiency of assets to meet debtor's liabilities.

---

[9] Plaintiff alleges that each of the oaths or accounts as described in the Complaint, individually and/or collectively, were made in or in connection with this bankruptcy case, and thus need not establish that all of them were falsely made to satisfy his burden under Count III.

73.     Defendants had a duty to disclose all pre-petition income they received from Maui Lifted Jeep Rentals, LLC.

74.     Moreover, Defendants had a duty to explain what happened to at least $57,000 in income received pre-petition from Maui Lifted Jeep Rentals, LLC. As of the date of this Complaint, Defendants did not provide Plaintiff or Ms. Byman with any bank records, which may account for the receipt and use of these funds.

75.     Defendants provided no written documentation supporting their testimonial explanation at the Chapter 7 341 Meeting that the $57,000 in funds were used for living expenses. Instead, Defendants testified to borrowing even more money, in the approximate amount of $30,000, from family and friends to pay for living expenses.

76.     Wherefore, Plaintiff respectfully asks the Court to deny Defendants' discharge pursuant to § 727(a)(5), and for such other relief as is just.

## <u>COUNT V</u>
### For Denial of Discharge of Defendants
### 11 U.S.C. § 727(a)(7)

77.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 76.

78.     Section 727(a)(7) provides that the court shall grant the debtor a discharge, unless

the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of [§ 727], on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider.

79.     Defendants filed their personal bankruptcy case on October 16, 2020. Mrs. Scott caused the Maui Case to be filed on October 22, 2020. The two cases were jointly administered under Defendants' bankruptcy case.

80.     Defendants are insiders of Maui Lifted Jeep Rentals, LLC as defined by § 101(31)(B)(iii) and (vi). Specifically, Mrs. Scott is the 100% owner of Maui Lifted Jeep Rentals, LLC and Mr. Scott is Mrs. Scott's relative by virtue of their marriage.[10]

81.     Defendants had a duty to accurately and truthfully disclose the money disbursed from Maui Lifted Jeep Rentals, LLC to Defendants within the 1-year period prior to filing the Maui Case.

---

[10] *See* § 101(45) (defining "relative" as an "individual related by affinity or consanguinity within the third degree as determined by the common law, or individual in a step or adoptive relationship within such third degree").

82. When it was learned at the Chapter 11 341 Meeting that Defendants had received some amount of income from Maui Lifted Jeep Rentals, LLC within the 1-year period prior to filing the Maui Case, Defendants had a duty to amend the Maui SOFA, which they did not.

83. Further, Defendants had a duty to explain the nature and purpose of any transfers made for the benefit of any insiders of Maui Lifted Jeep Rentals, LLC within 1-year of filing the Maui Case.

84. Plaintiff is informed, believes, and thereon alleges that, by their actions during this bankruptcy case, Defendants with intent to hinder, delay, or defraud a creditor or an officer of the estate transferred, removed, destroyed, mutilated or concealed, or permitted to be transferred, removed, destroyed, mutilated, or concealed debtors' property, within one year before the date of the filing of the petition.

85. Specifically, Defendants, with the intent to hinder, delay or defraud their creditors or an officer of the estate, concealed income paid to Defendants from Maui Lifted Jeep Rentals, LLC on the Maui SOFA. The income paid by Maui Lifted Jeep Rentals, LLC prior to the Petition Date was property of the Maui Lifted Jeep Rentals, LLC bankruptcy estate pursuant to § 541.

86. Defendants were specifically requested to amend the Maui SOFA to adequately account for the income paid by Maui Lifted Jeep Rentals, LLC. Yet, Defendants did not file any amendments. Defendants knew or should have known that their sworn answers on the Maui SOFA were false.

87. Defendants therefore acted with fraudulent intent, or in the alternative, acted with a reckless disregard for the truth when they filed and/or submitted the Maui SOFA with numerous false statements in furtherance of their concealment of the income paid by Maui Lifted Jeep Rentals, LLC.

88. Wherefore, Plaintiff respectfully asks the Court to deny Defendants' discharge pursuant to § 727(a)(7) of the Bankruptcy Code, and for such other relief as is just.

## PRAYER FOR RELIEF

89. That the Defendants' discharge be denied;

90. For reasonable attorney's fees, to the extent allowed by applicable law;

91. For costs of suit; and

92. For such other and further relief as the Court deems just and proper.

11

RESPECTFULLY SUBMITTED,
KEVIN M. EPSTEIN
UNITED STATES TRUSTEE

DATED: April 19, 2021

*/s/ Alicia L. Barcomb*
Alicia L. Barcomb
Trial Attorney
TX Bar Number: 24106276
Office of the United States Trustee
515 Rusk, Suite 3516
Houston, Texas 77002
Alicia.barcomb@usdoj.gov
Telephone: (713) 718-4650
Fax: (713) 718-4670