UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN AND WESTERN DISTRICTS OF TEXAS
ALICIA L. BARCOMB
TRIAL ATTORNEY
515 Rusk St., Suite 3516
Houston, Texas 77002
Telephone: (713) 718-4650

**UNITED STATES BANKRUTPCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>Thomas Calvert Scott and Tammi Lynn Scott<br>     **Debtors** | **CASE NO. 20-35029**<br><br>**CHAPTER 7** |
| Kevin M. Epstein,<br>United States Trustee,<br><br>     **Plaintiff**<br><br>v.<br><br>Thomas Calvert Scott and Tammi Lynn Scott<br>     **Defendants** | **ADV. PROC. NO. 21-03057** |

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND
<u>DEFAULT JUDGMENT UNDER FED. R. BANKR. P. 7055</u>**

<u>**BLR 9013 NOTICE**</u>**: This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

1

TO THE HONORABLE EDUARDO V. RODRIGUEZ
UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for the Southern District of Texas ("Plaintiff"), respectfully requests that the Court (i) enter an order finding that Thomas Calvert Scott and Tammi Lynn Scott ("Defendants") are in default and, (ii) enter default judgment denying Defendants' discharge pursuant to 11 U.S.C. § 727(a)(2), (3), (4), (5), and (7).[1] In support of the request for default and default judgment, Plaintiff respectfully states as follows:

## JURISDICTION

1.      Movant, Kevin M. Epstein, is the duly appointed U.S. Trustee for the Southern District of Texas and is charged with supervising the administration of bankruptcy cases pursuant to 28 U.S.C. § 586. Movant is also the Plaintiff in the above-captioned adversary proceeding.

2.      Defendants are the individual debtors in the underlying Chapter 7 bankruptcy case, Case No. 20-35029, filed in the United States Bankruptcy Court for the Southern District of Texas-Houston Division.

3.      The Court has jurisdiction to hear and determine this motion pursuant to 28 U.S.C. § 157(b)(2)(J).

## BACKGROUND

4.      On October 16, 2020, Thomas Calvert Scott ("Mr. Scott") filed a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code.

5.      On December 2, 2020, Defendants filed an amended bankruptcy petition to add Tammi Lynn Scott ("Mrs. Scott") to Mr. Scott's bankruptcy case.

---

[1] All "§" and "section" references herein are to Title 11 of the United States Code, unless otherwise stated.

2

6.  On January 25, 2021, the Court entered an order converting Defendants' Chapter 11, Subchapter V case to a Chapter 7 Case.

7.  On April 19, 2021, Plaintiff filed a Complaint Seeking Denial of Discharge, which adversary case is assigned Case No. 21-03057 (the "Complaint").

8.  Contemporaneous with the filing of the Complaint, Plaintiff submitted requests to the Clerk of the Court for the issuance of summonses on Defendants. *See* ECF Nos. 2, 3.

9.  On April 20, 2021, the Clerk of the Court issued summonses on Defendants (the "Summonses"). Attached hereto as Exhibit A are the Summonses. On April 20, 2021 and April 21, 2021, Plaintiff caused the Complaint and the Summonses to be served, by U.S. First Class Mail and Certified Mail, upon Defendants at their address of record in the bankruptcy case. Defendants' address of record is 5710 Savanna Pasture Road, Katy, TX 77493. Upon information and belief, Defendants currently reside at this address.[2] Attached hereto as Exhibit B are the executed Summonses with certificates of service by the U.S. Trustee and third-party mailer.

10. Pursuant to the Federal Rules of Bankruptcy Procedure ("Rule") 7012(a), when a complaint is duly served, a defendant must answer or otherwise plead in response to a complaint within thirty days from the issuance of the summons.

11. The Summons issued by the Clerk of the Court further stated in bold print: "If you fail to respond to this summons, your failure will be deemed to be your consent to entry of a judgment by the bankruptcy court and judgment by default may be taken against you for the relief demanded in the complaint." *See* Exhibit A.

---

[2] Defendants are not represented by counsel. On February 9, 2021, Defendants' chapter 11 counsel filed a Statement of Attorney for Debtor Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), wherein counsel stated, "The responsibilities of the Firm will cease after the creditors meeting has been concluded and the matters from the creditors meeting have been provided to the chapter 7 trustee and/or the U.S. Trustee." *See* Case No. 20-35029, ECF No. 81. Counsel did not appear on behalf of Defendants at the § 341(a) meeting of creditors conducted on March 30, 2021. As such, Plaintiff did not serve Defendants' bankruptcy counsel with the summons and complaint as required by Rule 7004(g).

12. The deadline for Defendants to file an answer or other responses expired on May 19, 2021. *See* Rule 7012(a), 9006(a)(1). Moreover, neither Defendant requested additional time to submit an answer or other response to the Complaint. As of the date of this motion, the docket in this adversary proceeding does not reflect an answer or other pleadings filed by either Defendant in response to the allegations in the Complaint. Attached hereto as Exhibit C is the Adversary Docket Sheet.

**RELIEF REQUESTED**

13. Plaintiff moves for entry of default and requests a default judgment denying Defendants' discharge pursuant to § 727(a)(2), (3), (4), (5), and (7).

14. Rule 7012(a) provides that "if a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the Court."

15. Failure to answer or otherwise plead shall result in entry of default and default judgment against Defendants. Under Rule 7055, which incorporates Fed. R. Civ. P. 55, an entry of default is entered against the defendant if the defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(b) provides that the court may enter a default judgment against the defendant.

16. The Servicemembers' Civil Relief Act (50 U.S.C. § 3901, *et. seq.*) ("SCRA") applies to requests for default judgments and requires the submission of an affidavit in any civil proceeding in which a defendant does not appear stating either (1) that the defendant is in military service; (2) that the defendant is not in military service; or (3) that the affiant is not able to determine defendant's military status after making a good faith effort to determine such status. *See* 50 U.S.C. § 3931(b)(1). Based on the contents of such affidavit, the court may not enter a default

judgment against a defendant if it appears that the defendant is in military service until after the court appoints an attorney to represent the interests of the defendant servicemember. *See id.* § 3931(b)(2). Moreover, the court must stay a civil proceeding for at least 90 days if the appointed attorney is unable to contact the defendant servicemember, or if there is a defense to the pending action that requires the defendant's presence. *See id.* § 3931(d)

17. As of the date of this motion, Defendants have not answered or otherwise defended the Complaint. Accordingly, Plaintiff submits the attached Verified Statement for Entry of Default and Regarding the Defendants' Non-Military Status to support entry of a default judgment. *See* Exhibit D attached hereto.

18. Mrs. Scott is not in military service and thus, is not entitled to the benefits of SCRA. Attached hereto as Exhibit E is Mrs. Scott's Military Status Report from the United States Department of Defense Manpower Data Center showing that Mrs. Scott is not currently on active military duty.

19. Mr. Scott's military status is unclear; however, Plaintiff contends that Mr. Scott's previous sworn statements confirm that he is not on active military duty. Attached hereto as Exhibit F is Mr. Scott's Military Status Report from the United States Department of Defense Manpower Data Center showing that Mr. Scott is currently on active military duty. By contrast, Mr. Scott's prior sworn testimony and schedules do not evidence active military duty. At the meeting of creditors, Mr. Scott testified that he did *not* have any other sources of income other than the salary he received from his employment by Maui Lifted Jeep Rentals, LLC. *See* November 24, 2020 § 341(a) meeting of creditors transcript attached hereto as Exhibit G. Similarly, Defendants' schedules do not report any other source of income for Mr. Scott. *See* Defendants' Schedule I attached hereto as Exhibit H.

20. In addition, a report generated by an independent third-party system shows "no matches" to any military records when Mr. Scott's full name and social security number were searched. *See* portion of CLEAR report attached hereto as <u>Exhibit I</u>.

21. Individuals who knew Mr. Scott in a business capacity also confirm that during the period of time in which they knew him, Mr. Scott did not state that he was in the military or had any affiliation with the military. *See* Sworn Affidavits of Dina Cline and Spencer Wright attached hereto as <u>Exhibit J</u>. On May 6, 2021, Dina Cline and Spencer Wright filed a Notice of Joinder to Plaintiff's Complaint.

22. Based on the foregoing, and pursuant to Rule 7055, Plaintiff hereby requests that Defendants be found in default and that a default judgment be entered against Defendants. Plaintiff hereby incorporates the allegations set forth in the Complaint and submits that such allegations support the denial of Defendants' discharge pursuant to § 727(a)(2), (3), (4), (5), and (7). Upon a finding of default, Plaintiff's well-pleaded factual allegations in the Complaint are taken as true. *See Nishimatsu Const. Co. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Based on those allegations, Defendants' conduct in this bankruptcy case warrant denial of their discharge and other relief as the Court determines as fair and just.

23. Alternatively, and to satisfy the requirements of the SCRA, Plaintiff requests that Mrs. Scott be found in default and that a default judgment be entered against Mrs. Scott. Plaintiff additionally requests that the Court find that Mr. Scott is not in military service, that Mr. Scott be found in default, and that a default judgment be entered against Mr. Scott, which judgment may be set aside under 50 U.S.C. § 3931(g). Or, if the Court determines that Mr. Scott is on active military service, that the Court appoint an attorney, under 50 U.S.C. § 3931(b)(2), to represent Mr. Scott's interests in this proceeding.

6

24. Additionally, Defendants failed to appear to defend against the allegations. As such, Defendants are not entitled to notice under Fed. R. Civ. P. 55(b)(2). *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936–37 (5th Cir. 1999). However, in an abundance of caution, Plaintiff is nonetheless providing notice of this motion to Defendants at their address of record, as demonstrated on the attached certificate of service.

25. In accordance with 28 U.S.C. § 1746, the undersigned hereby certifies under penalty of perjury that the above allegations are true and correct to the best of her knowledge and belief.

**WHEREFORE**, Plaintiff respectfully requests that Defendants be found in default, that a default judgment be entered against Defendants for their failure to answer or otherwise plead as required by Rule 7012, and for such other relief as is just and proper under the circumstances.

RESPECTFULLY SUBMITTED:
KEVIN M. EPSTEIN
UNITED STATES TRUSTEE

DATED: June 15, 2021

*/s/ Alicia L. Barcomb*
Alicia L. Barcomb, Trial Attorney
TX State Bar No. 24106276
United States Department of Justice
Office of the United States Trustee
515 Rusk Street, Suite 3516
Houston, Texas 77002
E-mail: alicia.barcomb@usdoj.gov
Telephone: (713) 718-4650

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served on the parties listed below either by electronic means for CM/ECF system users or by the manner indicated below on June 15, 2021.

                                                   /s/ *Alicia L. Barcomb*
                                                   Alicia L. Barcomb

*Via U.S.P.S. – First Class Mail*

**Thomas Calvert Scott**
5710 Savanna Pasture Road
Katy, TX 77493
By email: tcscott2002@yahoo.com

**Tammi Lynn Scott**
5710 Savanna Pasture Rd.
Katy, TX 77493
By email: tammidaniel@ymail.com